THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELSIE PENA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 18 CV 05780 |
| ) | |
| M.J. CELCO, INC. ) | |
| ) | |
| Defendant. ) | Jury Demand |

## COMPLAINT

1. This is an action brought by Plaintiff, Elsie Pena (hereinafter "Pena" or "Plaintiff"), for the purpose of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1, *et. seq.* (hereinafter "IMWL"), for unpaid compensation, unpaid overtime compensation, liquidated damages, penalty interest, costs, attorney's fees, and/or any such other relief the Court may deem appropriate.

## PARTIES

2. Plaintiff Pena is an "employee" of Defendants, within the meaning of the FLSA, 29 U.S.C. § 203(e), and the IMWL, § 820 ILCS 105/3. She is an adult resident citizen of the Northern District of Illinois employed as an office assistant for the Defendants.

3. The Defendant, M.J. Celco, Inc. (hereinafter "MJ Celco"), is a tooling, metal stamping, assembly, and fabrication company that provides metal-based solutions for its clients. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. Defendant is a corporation organized and existing under the laws of the State of Illinois.

The Defendant is, and at all relevant times has been, the employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d), and IMWL, § 820 ILCS 105/3.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b), and 28 U.S.C. §§1331, 1337 and 1367(a).

5. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

6. Since November of 2017, Pena has been employed by M.J. Celco as a purchasing assistant whose primary job duties were to purchase company materials at the behest of the Director of Purchasing and perform clerical work at the Employer's office.

7. Pena was scheduled to work forty (40) hours per week with one (1.0) hour of unpaid lunch each work day, for a total of forty-five (45) hours per week. However, since she began her employment, Pena worked forty-five (45) hours per week with a one-half (0.5) hour lunch break per day, for a total of forty-seven and one-half (47.5) hours per week.

8. Since Pena began her employment, the Employer has not paid Pena one and one-half times her regular rate of pay for all the hours she worked in excess of forty (40) hours per week, as required under the FLSA, IMWL, and IWPCA.

9. On July 9, 2018, Pena's employment was terminated by MJ Celco when it eliminated Pena's Purchasing Assistant position.

## COUNT I: FLSA CLAIM

10. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* Plaintiff Pena is entitled to compensation for all hours worked and compensation at a rate not less than one and

one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in any week, during the two (2) years preceding the filing of this action.

11. Defendant has willfully violated the FLSA by administering an unlawful compensation system that intentionally, or with a reckless disregard, failed to pay Plaintiff the overtime wages due to her for hours worked.

12. Plaintiff is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §216(b).

## RELIEF

**WHEREFORE**, Plaintiff Elsie Pena respectfully requests that this Court:

A. Award Plaintiff monetary damages in the form of unpaid overtime wages due and owing to her for each hour Plaintiff worked but for which the Defendant failed to pay Plaintiff at a rate equal to one and one-half (1½) times the regular rate at which she was employed;

B. Award Plaintiff liquidated damages equal to her unpaid overtime compensation pursuant to 29 U.S.C. §216(b);

C. Award Plaintiff her reasonable attorney's fees, costs, and expenses, to be paid by Defendant pursuant to the FLSA; and

D. Grant such other relief as may be just and proper.

## COUNT II: VIOLATION OF STATE LAW IMWL

13. Count II fully incorporates all facts in paragraphs 1 – 12 as if fully stated herein.

14. The matters set forth in this Count arise from Defendant's violations of the minimum wage and overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4.

15. Defendant violated the IMWL, 820 ILCS 105/4(a), by refusing to compensate Plaintiff for all hours worked in excess of forty hours in a given work period at a rate not less than one and one-half (1½) times the regular rate at which she was employed.

16. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

## RELIEF

**WHEREFORE**, Plaintiff Elsie Pena respectfully requests that this Court:

A. Award Plaintiff monetary damages in the form of unpaid overtime wages due and owing to her for each hour Plaintiff worked but for which the Defendant failed to pay Plaintiff at a rate equal to one and one-half (1½) times the regular rate at which she was employed;

B. Award Plaintiff the amount of two percent (2%) of her unpaid compensation and overtime for each month such compensation remain unpaid pursuant to 820 ILCS 105/12(a);

C. Award Plaintiff pre-judgment interest pursuant to 815 ILCS 205/2;

D. Award Plaintiff her reasonable attorney's fees, costs, and expenses, to be paid by Defendants; and

E. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully Submitted,

*s/ Paul D. Geiger*
Paul D. Geiger

4

Paul D. Geiger
Ronald C. Dahms
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060